# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLAUDE L. MASON (# 900018207)**  　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE PARISH PRISON**　　　　　　　　**NO. 16-0205-SDD-EWD**
**SHERIFF OFFICE, ET AL.**

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on December 7, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Erin Wilder-Doomes_
　　　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLAUDE L. MASON (# 900018207)                    CIVIL ACTION

VERSUS

EAST BATON ROUGE PARISH PRISON                   NO. 16-0205-SDD-EWD
SHERIFF OFFICE, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss for Failure to Exhaust Administrative Remedies of Defendants Sheriff Sid J. Gautreaux, III, and Warden Dennis Grimes (R. Doc. 8) and the Motion to Dismiss of the "East Baton Rouge Parish Prison Sheriff Office" (R. Doc. 9).   Plaintiff has filed an opposition in response to the former motion, and Defendants have filed a reply thereto.[1]

*Pro se* plaintiff, a prisoner confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the "East Baton Rouge Parish Prison Sheriff Office," Sheriff Sid J. Gautreaux, III, and Warden Dennis Grimes, complaining that Defendants violated his constitutional rights, commencing in January 2015, by failing to provide adequate security to protect him from harm at the hands of other prisoners, resulting in an attack that occurred on January 6, 2015.   Plaintiff further complains that prison officials thereafter failed to investigate or document the attack, subjected him to unconstitutional conditions of confinement for a period of seven weeks, failed to provide him with adequate medical care, and failed to provide him with access to the prison law library or to other legal assistance.

---

[1] The record reflects that Plaintiff has filed a Motion for Summary Judgment addressed to the substantive issues in this case (R. Doc. 24).   The Court will address Plaintiff's Motion, if warranted, in a subsequent Magistrate Judge's Report.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint may be dismissed when the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched

as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

Addressing first the Motion to Dismiss of the "East Baton Rouge Parish Prison Sheriff Office" (R. Doc. 9), this Defendant asserts that it is entitled to dismissal because it is "not a legal entity capable of being sued" in the State of Louisiana. In this regard, under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as a sheriff's department or a parish jail to sue or be sued is determined by the law of the state in which the district court sits. *See, e.g., Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). In addition, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. Whether the named Defendant is viewed to be the East Baton Rouge Parish Sheriff's Office or the East Baton Rouge Parish Prison, neither of these entities has the capacity to sue or to be sued under Louisiana law. *See Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988) (finding that "the East Baton Rouge Parish Sheriff's Office is not a legal entity which may be sued"); *Jeffries v. St. Bernard Parish Sheriff's Dept.*, 2013 WL 6044365, *4 (E.D. La. Nov. 13, 2013) (finding that the St. Bernard Parish Sheriff's Office is not a person within the meaning of § 1983); *Francis v. Dupree*, 2010 WL 5636213, *2 (E.D. La. Dec. 9, 2010) (same relative to the New Orleans Police Department); *Atkinson v. NOPD*, 2007 WL 2137793, *1 (E.D. La. July 23, 2007) (same, noting that "police departments of cities are not suable" under § 1983). *See also Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (finding that a "[j]ail is not an entity, but a building"); *Jeffries v. St. Bernard Parish Sheriff's Dept., supra*, 2013 WL 6044365, *4 ("The Court finds no law … that defines a parish jail … to be a person with the capacity to sue or to be sued"); *Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La. Feb. 11, 2009)

(noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, Plaintiff's claim asserted against the "East Baton Rouge Parish Prison Sheriff Office" is subject to dismissal because of this entity's lack of legal capacity to be sued.

Turning to the Motion to Dismiss of Defendants Sheriff Sid J. Gautreaux, III, and Warden Dennis Grimes (R. Doc. 8), these Defendants contend that Plaintiff's claims asserted against them should be dismissed because Plaintiff failed to exhaust administrative remedies that were available to him prior to bringing the instant lawsuit. In this regard, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The United States Supreme Court has expressly held that the exhaustion requirement contained in § 1997e is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and that it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. A properly exhausted claim is one that has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). It is further clear, however, that failure to exhaust is an affirmative defense on which Defendants must bear the burden of proof. *See Abbott v. Babin*, 587 Fed. Appx. 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted"). *See also Morgan v. Texas Department of Criminal Justice McConnell Unit*, 537 Fed. Appx. 502, 508 (5th Cir. 2013) (same); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion").

In the instant case, Defendants have chosen to raise the affirmative defense of failure to exhaust in a difficult context. Specifically, Defendants have opted to assert the exhaustion defense in a Rule 12(b)(6) motion, which generally limits the Court (with few exceptions) to a consideration of the well-pleaded allegations of Plaintiff's Complaint, including any attachments thereto or documents incorporated by reference therein. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Wright v. Dollar Tree Stores, Inc.*, 2014 WL 11456816 (N.D. Tex. Sept. 16, 2014). In the context of a Rule 12(b)(6) motion, however, success with an exhaustion argument is far more difficult for Defendants to achieve, due in large part to the fact that Defendants bear the burden of establishing exhaustion "beyond peradventure," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, it is recognized that where a prisoner has made no allegations or ambiguous allegations concerning exhaustion in his complaint, he cannot be faulted for such omission, and a Rule 12(b)(6) motion may not be utilized to afford a basis for dismissal. *See Coleman v. Terrebonne Parish Criminal Justice Complex*, 2013 WL 6004051, *2 (E.D. La. Nov. 13, 2013). In contrast, in the context of a properly supported motion for summary judgment pursuant to Fed. R. Civ. P. 56 – at which time the Court is allowed to consider the parties' evidentiary submissions in making its determination – it can be an easy task to establish that dismissal is appropriate for failure to exhaust under § 1997e. While difficult, however, it is not impossible to successfully assert an exhaustion defense in a Rule 12(b)(6) motion. For example, dismissal may be warranted based on the pleadings alone where a plaintiff has effectively conceded in his complaint that administrative remedies were in fact available and that he simply did not utilize and comply with them. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (noting that a dismissal for failure to state a claim, predicated on a failure to exhaust, is appropriate "if the complaint itself makes

clear that the prisoner failed to exhaust"). In the instant case, Defendants apparently seek to assert that this is the situation presented by the assertions in Plaintiff's complaint.

The Court is unable to agree. In support of their argument, Defendants rely upon a statement in Plaintiff's complaint wherein he asserts that he filed an administrative grievance approximately six months after the events complained of and wherein he concedes that his grievance "went unanswered" after he was transferred to a different facility. Specifically, Plaintiff states in his complaint:

> I filed grievance to Warden about the incident when I healed up which was 6 months later and never heard anything about it then I got shipped off to Catahoula Correctional Center…. [I] never [received an answer or] response from Warden are [sic] anyone.

*See* R. Doc. 1 at p. 3. Defendants rely upon this statement in Plaintiff's complaint to assert that Plaintiff has clearly failed to exhaust his available administrative remedies. Specifically, Defendants assert that not only did they never in fact receive an administrative grievance from Plaintiff relative to the claims presented in the complaint, but that even if Plaintiff submitted such a grievance, the above statement makes clear that (1) the grievance was procedurally deficient because it was admittedly submitted more than 90 days after the events complained of in violation of applicable prison rules, and (2) the grievance was not administratively exhausted in any event because Plaintiff admittedly did not pursue it, as required, through the second and final step of the applicable administrative process. The problem with these assertions by Defendants is that Defendants establish them only through a presentation of evidence that is outside the four corners of Plaintiff's Complaint. Specifically, Defendants have attached to their Motion to Dismiss an affidavit by an EBRPP official that (1) purports to establish that prison personnel never received an administrative grievance from Plaintiff, and (2) provides a copy of the written EBRPP policies and procedures applicable to the inmate grievance procedure at the prison. It is only through a

review of these evidentiary materials, which are not properly before the Court in connection with a Rule 12(b)(6) motion, that the Court is able to determine the applicable deadlines and the pertinent parameters of the EBRPP grievance procedure.  Inasmuch as the referenced affidavit and written procedures are not properly before the Court, and inasmuch as there is apparently a disputed issue regarding whether Plaintiff was made aware of the applicable procedures,[2] the Court is unable to find that Defendants have met their burden of proof in establishing the affirmative defense of failure to exhaust.

The Court's conclusion in this regard is consistent with decisions arrived at by other courts under similar circumstances where the inmate plaintiff has asserted that his admitted failure to exhaust was based upon the failure of prison officials to respond to his grievances or based upon his transfer to a different institution.  For example, in *Adams v. Edwards*, 2015 WL 5308151 (E.D. La. Sept. 10, 2015), the Court stated, in rejecting an exhaustion argument asserted in a Rule 12(b)(6) motion:

> It is true that, in response to a question on the complaint as to whether he "exhausted or completed all steps in the [grievance] procedure, including appeals," plaintiff stated: "No…. I never received a response to any of the 3 Administrative Remedy Procedures." Moreover, it is clear that *if* a jail has a multi-step grievance procedure that expressly requires a prisoner to proceed to the next step when he does not receive a response at an earlier step, his claim is unexhausted if he fails to comply with that requirement. However, in this case, there is absolutely no evidence whatsoever before the Court establishing the provisions of the Tangiaphoa [sic] Parish Jail's grievance procedure, including whether it contains such a provision.  Therefore, it simply cannot be said that dismissal based on a purported failure to exhaust is warranted.

(emphasis in original; citation omitted).  *See also Bryant v. Gusman,* 2015 WL 9647666 (E.D.

---

2   Plaintiff asserts in his Opposition to Defendants' motion that he never received a copy of the prison rulebook containing the rules and regulations applicable to the prison's administrative process.  Whereas Defendants dispute this assertion with reference to an additional affidavit and to evidentiary materials that are contained in a Notice of Compliance filed in the record, *see* R. Doc. 12, these evidentiary materials are also not before the Court in connection with a Rule 12(b)(6) motion.

La. Dec. 10, 2015) (same); *Coleman v. Terrebonne Parish Criminal Justice Complex*, *supra*, 2013 WL 6004051 (wherein the Court noted in rejecting Defendants' Rule 12(b)(6) exhaustion argument that whereas Plaintiff admitted that he had not completed the administrative process, he further indicated that he was unable to do so because he was transferred to a different facility and the necessary forms were not available: "In light of that statement, … and in light of the fact that there is absolutely no evidence whatsoever before the Court establishing the deadlines and parameters of the applicable grievance procedure, this Court simply cannot say with any degree of certainty that dismissal based on a purported failure to exhaust is warranted").   In the instant case, as in the decisions cited above, there is no evidence properly before this Court that establishes the deadlines and parameters applicable to the administrative procedure available to Plaintiff at EBRPP or that outlines his obligations upon a failure to receive a response to his administrative grievance or upon a transfer to a different facility.   In the absence of an evidentiary showing in connection with a properly supported motion for summary judgment, the Court is unable to conclude that Defendants have met their burden of proof on this issue.[3]   Accordingly, the Motion to Dismiss of Defendants Sid Gautreaux and Dennis Grimes (R. Doc. 8) should be denied, without prejudice to reassertion of the exhaustion issue in a properly supported motion for summary judgment.

## **RECOMMENDATION**

It is recommended that the Motion to Dismiss of the "East Baton Rouge Parish Prison

---

[3] The Court advises Defendants that they are authorized to file a properly supported motion for summary judgment addressed to the issue of administrative exhaustion within thirty (30) days of the date of this Order.   The Court further notifies Defendants that whereas they have referred to several attached exhibits in their Reply Memorandum in Support of Motion to Dismiss (R. Doc. 20), including in Intake Form signed by Plaintiff and Plaintiff's booking records, these exhibits were not in fact attached to Defendants' Reply Memorandum.

Sheriff Office" (R. Doc. 9) be granted, dismissing Plaintiff's claims asserted against this Defendant, with prejudice.   It is further recommended that the Motion to Dismiss for Failure to Exhaust Administrative Remedies of Defendants Sheriff Sid J. Gautreaux, III, and Warden Dennis Grimes (R. Doc. 8) be denied, without prejudice to reassertion of the exhaustion issue in a properly supported motion for summary judgment, and that this matter be referred back to the Magistrate Judge for further proceedings in connection with Plaintiff's claims asserted against these Defendants.

Signed in Baton Rouge, Louisiana, on December 7, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**