# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLAUDE L. MASON (# 900018207)**                         **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE PARISH PRISON**                         **NO. 16-0205-SDD-EWD**
**SHERIFF OFFICE, ET AL.**

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on July 7, 2017.


_____
  **ERIN WILDER-DOOMES**
  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLAUDE L. MASON (# 900018207)                    CIVIL ACTION

VERSUS

EAST BATON ROUGE PARISH PRISON                    NO. 16-0205-SDD-EWD
SHERIFF OFFICE, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the cross-motions for summary judgment of Plaintiff and Defendants

Sheriff Sid J. Gautreaux, III, and Warden Dennis Grimes (R. Docs. 24 and 31).

*Pro se* Plaintiff, a prisoner previously confined at the East Baton Rouge Parish Prison

("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the

"East Baton Rouge Parish Prison Sheriff Office," Sheriff Sid J. Gautreaux, III, and Warden Dennis

Grimes, complaining that his constitutional rights were violated, commencing in January 2015,

when prison officials failed to protect him from harm at the hands of other prisoners, resulting in

an attack that occurred on January 6, 2015.    Plaintiff further complains that prison officials

thereafter failed to investigate or document the attack, subjected him to unconstitutional conditions

of confinement for a period of seven weeks, failed to provide him with adequate medical care, and

failed to provide him with access to the prison law library or with other legal assistance.    Pursuant

to a previous Magistrate Judge's Report in this case (R. Doc. 28), approved by the District Judge

on February 7, 2017 (R. Doc. 37), Plaintiff's claims asserted against the "East Baton Rouge Parish

Prison Sheriff Office" have been dismissed.

Plaintiff now moves for summary judgment relying upon the pleadings, a sworn

Declaration provided under penalty of perjury, excerpts from his medical records, several

newspaper clippings relative to unrelated events occurring at EBRPP, an Information Report dated January 6, 2015 relative to the incident complained of, and an excerpt from the prison Rulebook relative to the EBRPP Inmate Grievance Procedure.

Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, the Affidavit of Defendant Warden Dennis Grimes, a copy of EBRPP Policy No. D.500 relative to the "Inmate Grievance Procedure," a copy of the EBRPP Inmate Rules and Regulations, and a copy of Plaintiff's booking records at the facility.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.   Rule 56, Federal Rules of Civil Procedure.   *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).   A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.   *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.   If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.   *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.   This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.   *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).   Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.    Summary judgment is appropriate in any case

where the evidence is so weak or tenuous on essential facts that the evidence could not support a

judgment in favor of the non-moving party.    *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.

In resolving a motion for summary judgment, the Court must review the facts and inferences in

the light most favorable to the non-moving party, and the Court may not evaluate the credibility

of witnesses, weigh the evidence, or resolve factual disputes.    *International Shortstop, Inc. v.

Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Addressing first the procedural defense asserted by Defendants Sheriff Gautreaux and

Warden Grimes in their Motion for Summary Judgment (R. Doc. 31), these Defendants contend

that Plaintiff's claims asserted against them should be dismissed because Plaintiff failed to exhaust

administrative remedies that were available to him prior to bringing the instant lawsuit.    In this

regard, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted."    The United States Supreme Court has expressly held that the exhaustion requirement

contained in § 1997e is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and that it

"applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong."    *Id.* at 532.

A properly exhausted claim is one that has "complete[d] the administrative review process in

accordance with the applicable procedural rules."    *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).    It

is further clear that failure to exhaust is an affirmative defense on which Defendants must bear the

burden of proof.    *See Abbott v. Babin*, 587 Fed. Appx. 116, 118 (5th Cir. 2014) ("When

defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the

burden of showing that administrative remedies were not exhausted").   *See also Morgan v. Texas Department of Criminal Justice McConnell Unit*, 537 Fed. Appx. 502, 508 (5th Cir. 2013) (same); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion").

In support of their assertion that Plaintiff failed to exhaust available administrative remedies, Defendants have attached a certified copy of the EBRPP Inmate Rules and Regulations that describes in detail the administrative procedures that are available to prisoners confined at that facility.   *See* R. Doc. 31-3 at p. 10.   Defendants have also attested that a copy of the Inmate Rules and Regulations is routinely provided to each inmate upon being booked into the prison, *see id*. at p. 1 (Affidavit of Warden Grimes), and they have provided a copy of a form signed by Plaintiff at the time of booking that indicates that he acknowledged receiving a copy of same.   *See id.* at p. 43.   These Rules and Regulations clearly provide, consistent with 42 U.S.C. § 1997(e), that inmates are required to complete a two-step administrative review procedure in order to exhaust available administrative remedies before they may proceed in federal or state court to assert a claim against prison officials.   *See id*. at p. 33.   In addition, the Rules and Regulations set forth the applicable procedures for commencing and prosecuting an administrative grievance within the prison system, including applicable time limits and other matters.   *See id*. at pp. 33-36. Among these procedures is the requirement that a grievance be received by prison officials within ninety (90) days of the incident complained of by the prisoner.   *See id*. at p. 34.   Also included is a provision authorizing a prisoner to unilaterally proceed to the second and final step of the administrative process if he has not received a response to his grievance within the applicable time limits.   *See id*. at pp. 35-36.   Finally, Defendants attest that they have never received an administrative remedy submitted by Plaintiff relative to the claims asserted herein and that there

is no record whatever of Plaintiff having commenced such a grievance while confined at the prison. *See id*. at p. 2 (Affidavit of Warden Grimes). In addition, in support of their argument, Defendants point to statements in Plaintiff's Complaint wherein he asserts that he submitted an administrative grievance to prison officials but did not do so until approximately six months after the events complained of and wherein he concedes that his grievance "went unanswered" after he was transferred to a different facility. Specifically, Plaintiff states in his Complaint:

> I filed grievance to Warden about the incident when I healed up which was 6 months later and never heard anything about it then I got shipped off to Catahoula Correctional Center…. [I] never [received an answer or] response from Warden are [sic] anyone.

*See* R. Doc. 1 at p. 3. Defendants rely upon this statement in Plaintiff's Complaint to assert that Plaintiff has clearly failed to exhaust his available administrative remedies. Specifically, Defendants assert that not only did they never in fact receive an administrative grievance from Plaintiff relative to the claims presented in the Complaint, but that even if Plaintiff submitted such a grievance, the above statements make clear that (1) the grievance was procedurally deficient because it was admittedly submitted more than 90 days after the events complained of in violation of applicable prison rules, and (2) the grievance was not administratively exhausted in any event because Plaintiff admittedly did not pursue it, as required, through the second and final step of the applicable administrative process.

In response to Defendants' motion, Plaintiff has done little more than provide conclusory assertions that he never received a copy of the prison Rulebook and so was unfamiliar with the applicable administrative remedy procedures. *See* R. Doc. 15-1. Plaintiff further asserts that whereas he did submit an administrative grievance to prison officials approximately six months after the incident complained of, he never received a response thereto and was subsequently transferred to a different institution. *See* R. Doc. 1 at p. 3 and R. Doc. 15-1. Finally, Plaintiff

asserts that he suffers with unspecified mental and physical impairments and should have been provided with assistance in pursuing his administrative claims.    *See* R. Doc. 15-1 and R. Doc. 24 at p. 8.

Based on the foregoing, the Court finds that Defendants have effectively met their burden of proof in showing that Plaintiff failed to properly exhaust his available administrative remedies in this case.    Plaintiff's conclusory assertions to the contrary amount to little more than a "scintilla of evidence" that is not sufficient to overcome Defendants' showing.    *See Little v. Liquid Air Corp.*, *supra* 37 F.3d at 1075.    Whereas Plaintiff asserts that he never received a copy of the prison Rulebook, this assertion is belied by the form that he signed at the time of booking wherein he acknowledged receipt of same, which form he does not challenge.    Further, whereas Plaintiff asserts that he did in fact ultimately submit an administrative grievance to prison officials – which they attest they never received – he has not provided the Court with a copy of that purported grievance, and he acknowledges in any event that the grievance was not submitted until approximately six months after the incident complained of and so was not in compliance with prison rules relative to timeliness.    As a result, that purported grievance would not have been effective to properly commence or to exhaust his administrative remedies.    And whereas Plaintiff complains that he never received a response from prison officials in connection with that purported grievance, it appears clear, in any event, that he made no attempt to unilaterally proceed to the second and final step of the administrative process as authorized by prison rules.    Accordingly, that purported grievance was never properly completed through the administrative process. Finally, whereas Plaintiff asserts that he should have been provided with assistance from prison officials because of alleged mental and physical impairments with which he suffers, he makes no assertion that he ever explicitly *requested* assistance from prison officials, and he has failed to

provide any evidence relative to the nature of any such impairments or as to why they prevented

him from pursuing his administrative remedies for 90 days after the incidents complained of.    In

contrast, Defendants have attested that Plaintiff was returned to the general population at the prison

on or about February 1, 2016 (approximately three weeks after the incident), apparently without

restrictions or limitations.    See R. Doc. 31-3 at p. 3 (Affidavit of Warden Grimes).    Thus, there

is nothing in the record that supports Plaintiff's conclusory assertion that unspecified physical or

mental "impairments" prevented him from commencing the administrative process in accordance

with prison rules.    For these reasons, Plaintiff's Complaint is subject to dismissal for failure to

exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a), and Defendants' Motion

for Summary Judgment should be granted accordingly.[1]

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 24) be denied

and that the Motion for Summary Judgment of Defendants Sid J. Gautreaux, III, and Dennis

Grimes (R. Doc. 31) be granted, dismissing Plaintiff's claims asserted against Defendants, without

prejudice, for failure of Plaintiff to exhaust administrative remedies as mandated by 42 U.S.C. §

1997e(a), and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 7, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

1    Having concluded that Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies, the Court need not address Defendants' alternative contention that Plaintiff's claims are time-barred or the substantive issues raised in Plaintiff's Motion for Summary Judgment.